**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT L. BRINKMAN,

      Petitioner - Appellant,

v.

TERRY STEWART, Director, Arizona
Department of Corrections;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

      Defendants - Appellees.

No. 01-3359
(D.C. No. 01-CV-3247-DES)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Albert L. Brinkman, a inmate appearing pro se and in forma pauperis, seeks

to appeal from the district court's dismissal of his habeas petition, 28 U.S.C.

§ 2254. To obtain a certificate of appealability ("COA"), 28 U.S.C. § 2253(c)(2),

Mr. Brinkman must demonstrate that the district court's dismissal on procedural

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

grounds was debatable or incorrect. <u>Slack v. McDaniel</u>, 529 U.S. 473, 485 (2000).

Mr. Brinkman was convicted of aggravated indecent liberties with a child, two counts of sexual exploitation of a child and two counts of aggravated sodomy and was sentenced to 136 months, 130 months, and three terms of 15 years to life, all to be served consecutively. His conviction was affirmed on direct appeal by the Kansas Court of Appeals ("KCOA") in a thorough opinion. I R. Doc. 5, Ex. 2 (<u>State v. Brinkman</u>, No. 81,825 (Kan. Ct. App. Nov. 12, 1999)). According to his petition, he was notified of the KCOA decision on November 22, 1999, but no petition for review by the Kansas Supreme Court was ever filed by his appellate counsel or by other counsel. I R. Doc. 1 at "b;" I R. Doc. 5, Ex. 3. More than a year later, he sought leave to file a delayed petition for review with the Kansas Supreme Court; his documents were returned unfiled as the case had been closed. I R. Doc. Ex. 4 (last page).

In his federal habeas petition, Mr. Brinkman raises numerous claims, many of which are the same as those raised on direct appeal. The district court correctly concluded that he had procedurally defaulted these claims by failing to appeal the KCOA decision to the Kansas Supreme Court, <u>see</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999), and that he had not demonstrated cause and prejudice, or a fundamental miscarriage of justice that would excuse such default.

Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Moreover, although attorney ineffectiveness on appeal might constitute cause, an ineffective assistance of appellate counsel claim was never fairly presented to the state courts, let alone in his federal habeas petition. An ineffective assistance of counsel claim supplying cause for other procedurally defaulted claims can be procedurally defaulted in its own right–that is the case here. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Mr. Brinkman argues that his request for leave to file a delayed petition for review with the Kansas Supreme Court constitutes an adequate attempt to present the claim to the Kansas courts and that any further attempt would be futile. We disagree; an unfiled request with no formal disposition by that court is in stark contrast to an effort to secure postconviction relief via Kan. Stat. Ann. § 60-1507 in state district court.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge